IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41149
Summary Calendar
_____

CHARLES TERRY TIDWELL,

Plaintiff-Appellant,

versus

P.A. FORTNER, Powledge Unit; H. CLAYTON, Doctor, Beto I;
UNIDENTIFIED RAHI, Doctor, Luther Unit;
GARY JOHNSON, Executive Director, TDCJ; OWEN MURRAY, D.O. UTMB;
K.C. LOVE, Doctor, Beto I Unit,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:01-CV-596
--------------------
February 12, 2003

Before JONES, DUHÉ, and CLEMENT, Circuit Judges.

PER CURIAM:[1]

Inmate Charles Terry Tidwell appeals in forma pauperis (IFP) the magistrate judge's dismissal of his 42 U.S.C. § 1983 action as frivolous for failure to state a claim. Tidwell argues that the question of whether medical personnel had subjective knowledge of his medical condition is a fact question and that the prison doctors delayed and denied treatment by not referring him to

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

specialists earlier, causing him to lose his leg and hip. Tidwell also argues that the magistrate judge's alternate holding that he had failed to exhaust his administrative remedies was incorrect. We review a dismissal under 28 U.S.C. § 1915A de novo. See Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998).

The Cruel and Unusual Punishment clause protects an inmate from improper medical care, but only if the care is "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. Id. at 105-06.

The record demonstrates that Tidwell received a considerable amount of medical treatment, including multiple surgeries and debridements in an effort to save his leg, rebutting his claim that prison officials were deliberately indifferent to his serious medical needs. See Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995). While Tidwell no doubt disagrees with the medical treatment he received, such disagreement does not state a claim for deliberate indifference to his medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997). At most, he has alleged an action in negligence or malpractice, which does not state a constitutional violation. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). The magistrate judge's judgment that Tidwell's suit was frivolous because he had failed to state a claim for deliberate indifference to his serious medical needs was

correct.  Therefore, we do not address the magistrate judge's alternate holding that Tidwell failed to exhaust his administrative remedies.  The judgment of the district court is

AFFIRMED.