**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 21, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40514

DAVID LYNN WALLEN,

Plaintiff-Appellant,

versus

MICHAEL J. OLSEN, Sergeant; ROBERT A WALKER, Sergeant;
GILBERT ENNIS, Lieutenant; JOHN R. MCDANIEL, Lieutenant;
CHRISTOPHER W. AGAPIOU, Sergeant; CORNELIUS E. SMITH, Captain;
NEAL D. WEBB, Assistant Warden; ERIC L. FRUGE, Correctional
Officer III; KEVIN L. CARLVIN, Sergeant; TALIESIN R. STERN,
Sergeant; GARY L. JOHNSON; STATE OF TEXAS,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:02-CV-323

Before JOLLY, DAVIS and JONES, Circuit Judges.

PER CURIAM:[*]

David Lynn Wallen, Texas prisoner # 341807, proceeding
in forma pauperis, filed a pro se complaint pursuant to 42 U.S.C.
§ 1983 and consented to have his case determined by a magistrate
judge. After conducting a Spears[1] hearing to more fully develop
Wallen's claims, the magistrate judge dismissed the complaint with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

regard to all defendants as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

As a threshold matter, we conclude that the magistrate judge correctly dismissed Wallen's claims against the State of Texas because the state is not a "person" who may be sued for purposes of liability under 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

Wallen has not shown any error with respect to the magistrate's consideration of his prison records in determining whether to dismiss his complaint. See Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Wilson v. Barrientos, 926 F.2d 480, 483 (5th Cir. 1991). After a de novo review, we further conclude that the magistrate judge correctly found that Wallen, an insulin-dependent diabetic, failed to state a claim that the defendants were deliberately indifferent to his serious medical needs based on his allegation that he was served non-diabetic food loaf for two separate seven-day periods. See Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998). This conclusion is based on Wallen's failure to allege that any of the defendants knew that he was receiving non-diabetic food loaf or that receiving such would place Wallen at risk of serious harm. See Farmer v. Brennan, 511 U.S. 825, 847 (1994); Estelle v. Gamble, 429 U.S. 97, 106 (1976); Giddings v. Chandler, 979 F.2d 1104, 1106 (5th Cir. 1992).

Wallen, however, also alleged that the food loaves that he was served were spoiled, rotten, green with mildew, and infested

2

with insects. He alleged that the consumption of the food loaves caused a physical injury, in the form of vomiting and diarrhea that required medical treatment. Wallen further alleged that he personally informed the defendants who served him the food of these facts and that he notified the supervisory defendants of these facts in writing. Liberally construed, Wallen alleges at most two seven-day periods in which the food loaves were so contaminated. Taken in context, his allegations reflect negligence rather than the much higher standard of deliberate indifference that is required to impose liability for adverse prison conditions. Harper v. Showers, 174 F.3d 716, 720 (5th Cir. 1999).

For these reasons, the magistrate judge's dismissal of Wallen's claims was correct. The judgment is **AFFIRMED**.