United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41754
Conference Calendar

_____

CLEOFAS JOHN RUIZ,

                                        Plaintiff-Appellant,

versus

JASON CALHOUN; JOHN DOE, a Physician at John Sealy Hospital
in Galveston, TX; WILLIAM SHELBY,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:03-CV-837
--------------------

Before KING, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:[*]

    Cleofas John Ruiz, Texas prisoner # 716565, appeals from the

district court's dismissal of his civil rights suit pursuant to

28 U.S.C. § 1915(e)(2)(B) as frivolous.  Ruiz argues that the

defendants were deliberately indifferent to his medical needs and

provided inadequate medical care.

    We note that the district court dismissed Ruiz's claims

against defendants at the Price Daniel Unit due to improper

venue.  Because Ruiz has not briefed this dismissal, those claims

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

are abandoned.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

According to the complaint, Ruiz was examined for a shoulder injury on March 9, 2001, and he was sent to John Sealy Hopsital, where he was diagnosed with a separated right shoulder.  He received follow-up examinations and care on March 15, 2001, April 5, 2001, and May 10, 2001, before being transferred to Price Daniel on June 19, 2001.  Ruiz complains that Drs. Shelby and Calhoun failed to schedule him for immediate surgery.  Dr. Calhoun prescribed a shoulder immobilizer, Tylenol, and strengthening exercises.  We conclude that Ruiz's complaints about his medical care do not rise to the level of deliberate indifference.  See Estelle v. Gamble, 429 U.S. 97, 105-07 (1976); Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001); Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985).  At most, Ruiz's allegations amount to a disagreement with the course of his treatment and/or claims for medical malpractice, which are insufficient for relief under 42 U.S.C. § 1983.  See Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Ruiz's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed.  See 5TH CIR. R. 42.2.  Ruiz is cautioned that the dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g), as does

the district court's dismissal of his complaint.  See <u>Adepegba v. Hammons</u>, 103 F.3d 383, 387-88 (5th Cir. 1996).  If Ruiz accumulates three strikes under 28 U.S.C. § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.