United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 3, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41105
Summary Calendar
_____

ESAU LAMPKIN,

                                        Plaintiff-Appellant,

versus

A.D. CASKEY, Warden; R. VILLARREAL, Warden; R. GONZALEZ,
Warden; LIEVENAT; YOLANDA CHAVEZ; UNIVERSITY OF TEXAS
MEDICAL BRANCH HEALTH MANAGEMENT INFORMATION DEPARTMENT;
JOSEPHINE SESSION, Medical Doctor; MONTOLVEA; JAMIE
SPENCER; CANTU; S. MERCADO, Medical Doctor; M. LAWSON
INVESTIGATIONS DIVISION; P.A. GOMEZ; AHIA SHABAAZ;
WESTERN REGION MEDICAL UNIVERSITY OF TEXAS MEDICAL BRANCH
CORRECTIONAL MANAGED HEALTHCARE; AMERICANS WITH
DISABILITIES, (ADA); R. MARTICEK ADMINISTRATIONS OF
MEDICAL; A. SALAZAR; E.L. PEREZ, Lieutenant; GUY SMITH;
R. MARTICEK,

                                        Defendants-Appellees.

---------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. 7:03-CV-205
---------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Esau Lampkin, Texas prisoner # 864512, appeals the district

court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  He argues that the

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court abused its discretion in dismissing his complaint without giving him an opportunity to amend it and without considering his objections and his postjudgment motions.

Lampkin has not shown that the district court abused its discretion in dismissing his complaint as frivolous. The record indicates that he received substantial medical care for his bunions and back pain during his incarceration. He has not shown that he would have been able to allege additional facts which would have been nonfrivolous or sufficient to state a claim if he had been allowed to file an amended complaint. Unsuccessful medical treatment, medical negligence, malpractice, or disagreement with medical treatment does not constitute deliberate indifference to serious medical needs. Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Because he has not shown that the defendants were deliberately indifferent to his serious medical needs, the district court did not abuse its discretion in dismissing his complaint as frivolous. See Banuelos, 41 F.3d at 235; Varnado, 920 F.2d at 321. Further, the district court implicitly considered his objections to the magistrate judge's report and considered and denied his postjudgment motions.

Lampkin's appeal is without arguable merit and, therefore, is dismissed as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The district court's dismissal of his complaint and the dismissal of this appeal count

as strikes under 28 U.S.C. § 1915(g).  See <u>Adepegba v. Hammons</u>, 103 F.3d 383, 387-88 (5th Cir. 1996).  Lampkin is cautioned that if he accumulates three strikes under 28 U.S.C. § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).  Lampkin's motions for oral argument and extraordinary relief are also denied.

APPEAL DISMISSED; MOTIONS DENIED; SANCTION WARNING ISSUED.