United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 17, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30865
Summary Calendar

MILTON K. RILEY,

Plaintiff-Appellant,

versus

PAM TOWERY; WARDEN HUFF,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:03-CV-399
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Milton Riley, Louisiana prisoner number 108262, filed the instant 42 U.S.C. § 1983 suit to seek redress for alleged acts of deliberate indifference to his serious medical needs in relation to his job assignments. The district court dismissed his suit and certified that his appeal was not taken in good faith. Riley challenges the district court's certification decision pursuant to Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997), and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

requests that this court grant him authorization to proceed IFP on appeal.

Riley maintains that he is disabled and that the defendants violated his constitutional rights by permitting him to be assigned to field work. The record evidence refutes this contention and supports the district court's dismissal of Riley's suit. See Resident Council v. United States Dep't of Hous. and Urban Dev., 980 F.2d 1043, 1050 (5th Cir. 1993); Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Jackson v. Cain, 864 F.2d 1235, 1246 (5th Cir. 1989). The record evidence also refutes Riley's contention that the district court erred by relying on the affidavits submitted by defendant Huff. Riley's contention that the district court erroneously dismissed his claims against defendant Towery lacks merit. 28 U.S.C. § 1915(e)(2)(b).

Riley has failed to show that his appeal involves "legal points arguable on their merits (and therefore not frivolous)." Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Accordingly, his motion for authorization to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 & n.24.

The dismissal of Riley's appeal as frivolous by this court counts as a strike under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Riley is

cautioned that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.