United States Court of Appeals
Fifth Circuit

**F I L E D**

June 13, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10277
Summary Calendar

MICHAEL TODD RAMSEY,

Plaintiff-Appellant,

versus

LVN FNU SPOORES; DR. ADEL NAFRAWI;
SENIOR WARDEN FNU DUKE, Warden,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
No. 1:04-CV-00067
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Michael Ramsey, a Texas prisoner, appeals the magistrate judge's sua sponte order dismissing his pro se 42 U.S.C. § 1983 civil rights action as frivolous pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(I), following a hearing pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). Ramsey alleged that defen-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dants were deliberately indifferent to his serious medical needs when defendant nurse Spoores caused an injury to his ear while cleaning it on April 3, 2003, and the other defendants failed to treat him. Following the Spears hearing, at which Ramsey was questioned about his allegations and about his prison medical records, the magistrate judge determined that Ramsey was alleging only negligence.

Ramsey argues that the magistrate judge abused his discretion in dismissing his complaint as frivolous, in failing to grant him an opportunity to amend his complaint, and by using his medical records to counter his allegations. Although Ramsey has suggested that Spoores intentionally damaged his ear by using the "wrong" syringe attachment, the magistrate judge did not abuse his discretion in concluding that these allegations suggested only a non-cognizable claim of negligent treatment. See Taylor v. Woods, 257 F.3d 470, 472 (5th Cir. 2001); Farmer v. Brennan, 511 U.S. 825, 839-40 (1994); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

The magistrate judge did not err in using Ramsey's medical records to elicit his admissions that a nurse Hodges had given him medications and that Ramsey had been repeatedly treated by defendant Dr. Nafrawi. See Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Wilson v. Barrientos, 926 F.2d 480, 481 & n.3 (5th Cir. 1991). Finally, that Ramsey may have written two letters about his medical treatment to defendant Warden Duke was insuffi-

2

cient to establish the causal connection necessary to show that Duke was personally liable.  See Evett v. DETNTFF, 330 F.3d 681, 689 (5th Cir. 2003).

For the reasons discussed above, we affirm.  The affirmance of the dismissal of Ramsey's complaint as frivolous counts as a "strike" for purposes of the three-strikes provision, 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  Ramsey is cautioned that if he accumulates three strikes, he will not be permitted to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.