United States Court of Appeals,

Fifth Circuit.

No. 94-20258

Summary Calendar.

Manuel BANUELOS, Plaintiff-Appellant,

v.

H. McFARLAND, et al., Defendants-Appellees.

Jan. 4, 1995.

Appeal from the United States District Court for the Southern District of Texas.

Before DUHÉ, WIENER and STEWART, Circuit Judges:

PER CURIAM:

Manuel Banuelos, an inmate of the Texas Department of Corrections, appeals the dismissal of his § 1983 complaint alleging that: 1) his due process rights were violated when as a result of a constitutionally defective disciplinary hearing he lost his privileges and 2) prison officials were deliberately indifferent to his medical needs. For the following reasons, the judgment of the district court is affirmed.

## BACKGROUND

Manuel Banuelos, an inmate of the Wynne Correction Facility in Huntsville, Texas, filed this § 1983 action for two separate claims. First, Banuelos claims that he was not given an opportunity to call witnesses during a disciplinary hearing, which violated the Sixth and Fourteenth Amendment. Thus, the punishment he received as a result of the hearing was unconstitutional. Second, Banuelos claims that prison officials were deliberately indifferent to his health needs when they forced him to work while suffering from an ankle injury. The district court summarily dismissed both claims as unsupported by law or fact. Banuelos appeals the judgment of the district court.

## DISCUSSION

Banuelos contends that the district court erred in dismissing his claims as frivolous. He argues that during the disciplinary hearing process, he gave his counsel substitute the names of several

witnesses that he wished to testify on his behalf.  The witnesses were never called.  Banuelos claims that the failure of his counsel substitute to call witnesses deprived him of a fair disciplinary hearing in violation of the Sixth Amendment and the Fourteenth Amendment.  He contends that the prison officer who conducted the hearing violated his due process rights.  He also contends that the prison officials were deliberately indifferent to his medical needs.

"An *in forma pauperis* complaint may be dismissed as frivolous [pursuant to 28 U.S.C. § 1915(d) ] if it lacks an arguable basis in law or fact."  *Eason v. Thaler,* 14 F.3d 8, 9 (5th Cir.1994). Such dismissals can be based on "medical and other prison records" if they are "adequately identified or authenticated."  *See Wilson v. Barrientos,* 926 F.2d 480, 482-84 (5th Cir.1991).  A violation of 42 U.S.C. § 1983 occurs when a person is deprived of "rights, privileges, or immunities secured by the Constitution and laws" under the "color of any statute, ordinance, regulation, custom, or usage, of any state or territory or the District of Columbia."

*Inadequate Counsel Substitute Argument*

Banuelos' claims and allegations amount to an assertion that his counsel substitute was remiss in his duty as an advocate.  However, Banuelos cites no case nor have we found any authority that a counsel substitute acts under the color of state law pursuant to 42 U.S.C. § 1983.  We have found contrary authority.

In *Polk County v. Dodson,* 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981), an inmate at an Iowa correctional facility sued Polk County, Iowa pursuant to 42 U.S.C. § 1983.  He alleged that the Polk County public defender had failed to represent him adequately in a state criminal proceeding.  The Supreme Court held that a public defender does not act under the color of state law in its role as an advocate.  *Id.* at 318-19, 102 S.Ct. at 450.  The Court found that the relationship between public defender and client is the same as exists between a private lawyer and his client and that the only difference is the source of payments.  *Id.* at 316-19, 102 S.Ct. at 449-50.

The role of public defender involved in *Dodson* is analogous to the role of counsel substitute. Both are advocates for their clients.  Both fulfill their roles in an adversarial system.  We therefore hold that the actions of counsel substitute in a prison disciplinary hearing are not actions under the

color of state law. Therefore, Banuelos' claim has no arguable basis in law and the district did not err in dismissing the claim.

*Inadequate Conduct of Hearing by Prison Official Argument*

Banuelos contends that the prison officer who conducted the hearing should have known that he wanted to call witnesses. He also argues that the evidence was insufficient to convict him. The minimum positive procedural rights accorded to prisoners is (1) advance notice of claimed violation, (2) a written statement of the fact finders as to the evidence relied upon and a reason for disciplinary action taken, and (3) an opportunity to call witnesses and present documentary evidence. *Smith v. Rabalais,* 659 F.2d 539, 542 (1981). The findings of a prison disciplinary hearing will not be disturbed unless they are arbitrary and capricious. *Id.* at 545. The question the appellate court must consider is whether a decision is supported by "some" evidence or whether any evidence at all supports the action taken by the prison officials. *Id.*

After reviewing the records, we find that all the procedural requirements were followed. Banuelos was given advance notice of the hearing. There is written documentation of his punishment and testimony about why the punishment was given. Banuelos did not call any witnesses at the hearing. In his brief, Banuelos did not allege that he made an oral request to the hearing officer to call witnesses. Thus, the reason no witnesses were called was the fault of Banuelos or his counsel substitute, a fault we have already decided cannot be addressed by a § 1983 claim.

There is ample evidence in the record to support the decision made by the disciplinary council. Banuelos was charged with engaging in a fight. In Banuelos' own statement, he admitted that he struck another inmate named Peterson, starting the fight, as Peterson walked towards him. Banuelos admittedly had antagonized Peterson by calling him a snitch. There are also written statements by guards that Banuelos was engaged in a fight. This evidence is sufficient to support the decision of the disciplinary hearing. Even if the hearing officer erred in not calling witnesses, it appears that there was no prejudice to Banuelos' rights because the testimony of the other inmates would not have changed the result of the proceeding. *See Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984) (holding that prejudice must result in order for

there to be a constitutional violation). We therefore find this contention to be without merit.

*Indifference to Medical Needs Argument*

Banuelos also contends that prison officials were deliberately indifferent to his serious medical needs. He argues that he was forced to work in hard soled boots which exacerbated an ankle injury. A prison inmate can obtain relief under 42 U.S.C. § 1983 on grounds of denial of medical care if he proves that there was "deliberate indifference to [his] serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); *see Farmer v. Brennan,* --- U.S. ----, ----, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994) (establishing subjective definition of "deliberate indifference"). However, a disagreement between an inmate and his physician concerning whether certain medical care was appropriate is actionable under § 1983 only if there were exceptional circumstances. *See Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir.1991). Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *See Mendoza v. Lynaugh,* 989 F.2d 191, 193-95 (5th Cir.1993).

A prison officer's examination of the ankle "revealed no deformity, full range-of-motion (ankle) without instability, no lesions or deformity on the feet, and normal gait." A medical examination revealed "Old Ankle Injury, Left, Unsymptomatic." A radiologist reported that x-rays did not show any fracture or acute bone pathology of Banuelos' feet or ankles. The district court held that Banuelos' medical-care "claim does not involve a medical problem that is serious nor does it involve deliberate indifference." Because this is supported by Banuelos' medical records, the district court did not err by dismissing this claim as frivolous. *See Wilson,* 926 F.2d at 483-84.

*Motions*

Banuelos has filed a motion for additional relief, *i.e.,* "special" and "rescissory" monetary damages from each appellee. He has also moved for the preservation and production of the tape recording of his disciplinary hearing for fighting. Because we have held that there is no merit in either of his claims, his motions are denied as moot.

## CONCLUSION

Because a counsel substitute does not act under the color of state law, Banuelos' claim that

his disciplinary hearing was constitutionally deficient because counsel substitute did not call any witnesses is not cognizable under 42 U.S.C. § 1983. Banuelos' prison disciplinary hearing was constitutional both, as to procedure and sufficiency of the evidence. The medical evidence in the record also rebuts Banuelos' claim that prison officials were deliberately indifferent to his medical needs. For these reasons, the judgment of the district court is AFFIRMED.