IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41401
Summary Calendar

_____

JAMES WILLIAMS,

Plaintiff-Appellant,

versus

W. STEVENS; SAM PALASODA; S. BUTLER;
GASPAR CANTU; C. ELLINGBURG; BARBARA ROSS;
MCALVANEY,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-93-CV-29
--------------------
August 12, 1999

Before KING, Chief Judge, and HIGGINBOTHAM and STEWART, Circuit
Judges.

PER CURIAM:[*]

James Williams, Texas prisoner # 296974, appeals the

district court's summary-judgment dismissal of 42 U.S.C. § 1983

lawsuit raising claims under the Eighth Amendment for the denial

of medical care and for the use of excessive force arising out of

an incident in 1992 when, he alleges, prison officials placed

handcuffs on him too tightly for the sole purpose of causing him

pain.  Although Williams asserts he was denied medical care, his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

medical records reveal that he did not make a sick-call request complaining of injury to his wrists or otherwise request treatment for a wrist injury.  See Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995)(medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference).  Williams does not contend that he requested and was denied medical treatment; instead, he conclusionally argues that the fact that he was forced to treat himself by applying wet heat to his wrists and by taking medications prescribed him for a prior injury supports his denial-of-medical-care claim.  His conclusional arguments are both unpersuasive and insufficient to withstand the defendants' summary-judgment motion.  See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc).  Because Williams never complained of injury nor requested medical treatment, he has not shown that the defendants knew of and disregarded an excessive risk of harm.  See Farmer v. Brennan, 511 U.S. 825, 847 (1994); Estelle v. Gamble, 429 U.S. 97, 104 (1976).  He has therefore failed to raise a genuine issue of material fact as to deliberate indifference or serious medical need, and summary-judgment dismissal of his denial-of-medical care claim was appropriate. See id.

The district court likewise did not err in granting summary judgment dismissing Williams' excessive-use-of-force claim.  The undisputed summary-judgment evidence demonstrates that Williams suffered, at most, only de minimis injury, discomfort and swelling to the wrists, for which he did not request or receive

medical treatment.  His claim was therefore not cognizable under § 1983.  See Hudson v. McMillian, 503 U.S. 1, 10 (1992)(the use of de minimis force cannot result in constitutional injury unless the use of force was "repugnant to the conscience of mankind"); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) (allegations of a sore, bruised ear, which caused pain for three days and for which the inmate sought no medical treatment, presented only nonactionable de minimis injury).

AFFIRMED.