POGUE, Judge,
specially concurring:
I agree with the majority that the question before us is whether there is any evidence to support the prison disciplinary board’s guilt finding against Hudson. We will affirm if the decision of the disciplinary board is 'supported by “some evidence.” Superintendent, Mass. Correc *538 tional Inst., Walpole v. Hill, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). Under this standard, the reviewing court is not required to examine the entire record, make an independent assessment of the credibility of witnesses, or weigh the evidence. Id. Nor do we require prison disciplinary hearings to be in conformance with the Federal Rules of Evidence, see Walker v. O’Brien, 216 F.3d 626, 637 (7th Cir.2000), or grant prisoners an absolute right to cross-examination. See Wolff v. McDonnell, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974). The question is only whether there is any evidence to support the finding of the board. See Banuelos v. McFarland, 41 F.3d 232, 234 (5th Cir.1995).
In articulating this standard, the Supreme Court left the responsibility to the Circuit courts to determine the factors that constitute “some evidence.” See Hill, 472 U.S. at 455-56, 105 S.Ct. at 2773 (writing that the standard is met if “there [is] some evidence from which the conclusion of the administrative tribunal could be de-dueed”)(internal citation omitted). I write separately because every circuit which has considered this question has determined that the “some evidence” rule establishes a minimal threshold requirement of authenticity or reliability. These circuits require that “the evidence relied upon by the disciplinary board must bear sufficient indicia of reliability .... ” Viens v. Daniels, 871 F.2d 1328, 1335 (7th Cir.1989); see also Harrison v. Dahm, 911 F.2d 37, 41 (8th Cir.1990), Cato v. Rushen, 824 F.2d 703, 705 (9th Cir.1987). Such a requirement is a necessary corollary if the “some evidence” rule is to have meaning.
Moreover, in Smith v. Rabalais, 659 F.2d 539 (5th Cir.1981), there is also an indication that the Fifth Circuit requires an “indicia of reliability” to satisfy the “some evidence” requirement. Rabalais, a correctional officer, filed an incident report claiming that he had information from several reliable informers that inmate Smith was dealing narcotics. See id. at 541. At the prison disciplinary hearing, Rabalais was the only witness. See id. His testimony was based solely on the information provided by the confidential informant. See id. Further, Rabalais refused to answer any questions that might reveal the identity of the informant, including dates, places, times, persons involved, number of alleged sales witnessed, and the description of the drugs. See id.
Although this court found that the prison disciplinary board’s decision “did not transgress the minimal due process required by the federal constitution,” it did so hesitantly, noting that the case was on the “presently undefined outer contours of the prison discipline due process rule.” Id. at 546 n. 20, 546. The court’s decision was based on the board’s articulated security concerns, and on Rablais’ confirmation that he knew the informers, had used them in the past, and that the informers had first hand knowledge. See id. The informants, according to Rablais, were credible. In relying on Rablais’s testimony that the informers were credible, this court implied that some indicia of reliability is necessary to fulfill the element of “some evidence.” I would adopt this standard explicitly.
It appears to me that the evidence in Hudson is also on the outer contours of the prison discipline due process rule. Officer Goolsby, the charging officer, wrote in her report that she witnessed Hudson’s participation in the prison riot. At the hearing, however, her testimony was, to say the least, unclear. In response to the hearing officer’s questions asking Officer Goolsby to describe Hudson’s involvement in the riot, Goolsby responded that she had “no documentation on” this.[1] Moreover, the hearing officer’s next question and Officer Goolsby’s response appear to assume as a fact that she had simply been follow *539 ing instructions in filling out the report.[2]
Nonetheless, as the majority makes clear, it is for the hearing officer to weigh and interpret the evidence and make credibility determinations. Here, as the majority explains, the hearing officer weighed the evidence and decided to believe the original report. I cannot conclude that it was unreasonable for him to have interpreted the testimony not to undermine the original report. In context, that report is not so devoid of any reliability or authenticity that it could not provide “some evidence” upon which to base the decision.
For these reasons, I concur.

. The tape of Officer Goolsby's testimony reflects a pause after the phrase "no documentation on.” The pause is not reflected in the transcript.

. I do not find persuasive the majority’s reliance on the counsel substitute's failure to further cross examine. It appears to me that the counsel substitute could reasonably have concluded that the Officer’s direct testimony corroborated Hudson's explanation of the event.