IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20968
Conference Calendar

_____


LOUIS HARVEY,

                                        Plaintiff-Appellant,

versus

KATHY MAXEY; VELMA MONCADA; JOHN JETER,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-4196
--------------------
June 18, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Louis Harvey, Texas prisoner # 653560, appeals from the

district court's dismissal of his 42 U.S.C. § 1983 complaint as

frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).  We review the

dismissal of a prisoner's complaint as frivolous for abuse of

discretion.  See Berry v. Brady, 192 F.3d 504, 507 (5th Cir.

1999).

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Harvey argues that during a hearing conducted pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), the district court denied him the appointment of counsel and entertained unsworn testimony from defense witnesses.  We decline to review Harvey's appointment of counsel claim due to inadequate briefing. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

When conducting a Spears hearing, a district court must ensure that all evidence is authentic and reliable, and witnesses should be sworn.  See Wilson v. Barrientos, 926 F.2d 480, 483 (5th Cir. 1991).  The record before us is unclear as to whether the defense witnesses gave unsworn testimony or, as defendants claim, were sworn in at the beginning of the day's proceedings. Nevertheless, we conclude that Harvey's medical records support the district court's finding that the defendants were not deliberately indifferent and that any error was harmless.  See Norton v. Dimazana, 122 F.3d 286, 292-93 (5th Cir. 1997); Banuelos v. McFarland, 41 F.3d 232, 234 (5th Cir. 1995); Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Harvey argues in his reply brief that the district court failed to give him an opportunity to cross-examine the witnesses at the Spears hearing.  Because we do not consider claims raised for the first time in a reply brief, we do not address this issue.  See United States v. Prince, 868 F.2d 1379, 1386 (5th Cir. 1989).

AFFIRMED.  ALL OUTSTANDING MOTIONS ARE DENIED.