IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20929
Summary Calendar
_____

ANTHONY L. PIERCE,

Plaintiff-Appellant,

versus

WAYNE SCOTT, Director, Texas Department
of Criminal Justice; BRUCE THALER;
AKBAR SHABAZZ,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CV-3512
--------------------
July 25, 2002

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

On appeal after remand from this court, Anthony L. Pierce, Texas prisoner # 587, appeals the grant of summary judgment dismissing his 42 U.S.C. § 1983 action alleging that the prison policy requiring him to shave violated the Eighth Amendment because it caused him medical problems related to his pseudofolliculitis barbae (PFB). This court reviews the grant of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

summary judgment de novo. See Tolson v. Avondale Indus., Inc., 141 F.3d 604, 608 (5th Cir. 1998).

To prevail on an Eighth Amendment claim of deliberate indifference, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). The record does not support Pierce's claim that he was disciplined for refusing to shave when he had a valid shaving pass. His argument that he should have been issued a permanent shaving pass represents only his disagreement with the refusal to issue him a permanent shaving pass, and he has not shown any exceptional circumstances making this disagreement actionable. See Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995). Nor does the record support his contention that his PFB is a serious medical condition.

While this case was on remand, Pierce asserted a new due process claim challenging his disciplinary convictions for violating the prison's shaving policy. Assuming this claim was properly presented to the district court, it clearly fails as a matter of law because Pierce has not alleged the infringement of a protected liberty interest. Pierce complains only of cell restrictions and lost commissary privileges, neither of which implicate due process concerns. Madison v. Parker, 104 F.3d 765, 767-68 (5th Cir. 1998); see Sandin v. Conner, 515 U.S. 472, 485 (1995).

Accordingly, the judgment of the district court is AFFIRMED.

Pierce's motion to file an out-of-time reply brief is DENIED.