**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 22, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-41354
Summary Calendar
_____

JERRY DALE GREEN,

                                        Plaintiff-Appellant,

versus

REGINALD STANLEY, MD,

                                        Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:01-CV-19
---------------------

Before JOLLY, JONES and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Jerry Dale Green, Texas prisoner # 782210, appeals the grant

of summary judgment to Dr. Reginald Stanley and the subsequent

dismissal of his 42 U.S.C. § 1983 civil-rights complaint.  Green

argues that the fact that Dr. Stanley, as unit physician, has

sole discretion in the treatment of inmates is unconstitutional

because it denies inmates a choice in medicine and treatment.  He

contends that he has the right to daily pain medication and that

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

it is cruel and unusual punishment to deny him effective pain relief when it is available in the prison infirmary. We review the grant of summary judgment de novo. See Tolson v. Avondale Indus., Inc., 141 F.3d 604, 608 (5th Cir. 1998).

Green's medical records rebut Green's allegations that Dr. Stanley was indifferent to Green's medical needs. See Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995). Green was not denied treatment for his pain by Dr. Stanley but was often given Tylenol instead of Darvocet, which Dr. Stanley explained was appropriate due to Green's admitted dependence upon pain killers and other medical problems. Thus, Green has alleged only a disagreement with his medical treatment, which does not state an Eighth Amendment claim. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

Additionally, the district court did not err in finding that Dr. Stanley was qualifiedly immune. Green has not alleged a constitutional violation under current law and he has not shown that Dr. Stanley's actions were objectively unreasonable with reference to the clearly established law at the time of the conduct in question. See Petta v. Rivera, 143 F.3d 895, 899-900 (5th Cir. 1998).

The district court's judgment is AFFIRMED. Green's motion for a temporary restraining order and a motion to appoint an expert, which included a request that counsel be appointed, are DENIED.