United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41239
Summary Calendar

CHRISTOPHER W. HARRISON,

Plaintiff-Appellant,

versus

FRED M. MOORE, Physician Assistant; SUSIE BARKSDALE, Facility
Nurse Manager; LISA CURRY, Staff Nurse; BRENDA PITTMAN, Staff
Nurse; XAVIER KING, Lieutenant; DONYA HARTSFIELD, Correctional
Officer,

Defendants-Appellees.

--------------------
Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 9:03-CV-16-HWM
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Christopher Wayne Harrison, Texas prisoner # 725493, filed
the instant 42 U.S.C. § 1983 suit to seek redress for the
defendants' alleged indifference to his serious medical needs.
Harrison argues that the magistrate judge erred in granting the
defendants' motion for summary judgment and in determining that
they were entitled to qualified immunity. He contends that over
a four-day period in June 2002, the defendants prevented or

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

delayed his receipt of medical attention, ignored his complaints of pain and vomiting, and mis-diagnosed and mis-treated his condition.

The summary judgment evidence, viewed in the light most favorable to Harrison, shows that Harrison unquestionably suffered from a serious medical condition.  Harrison, however, was treated over the four-day period for the conditions about which he complained.  There is nothing in the summary judgment evidence from which it could be inferred that the defendants concluded from Harrison's complaints of fever, stomach pain, vomiting, and leg pain that he had a serious medical condition and, knowing this, that they ignored his complaints, refused to provide him with care, or deliberately mistreated him.  See Domino v. Texas Dept. of Criminal Justice, 239 F.3d 752, 755-56 (5th Cir. 2001).  "Deliberate indifference is an extremely high standard to meet."  Id.  At most, the summary judgement evidence shows negligence, malpractice, and that Harrison disagreed with the medical treatment he received.  This is insufficient to show deliberate indifference.  See id.; Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).  Harrison's argument that the district court should not have granted summary judgment in the absence of affidavits is unavailing.  See FED. R. CIV. P. 56.

The judgment of the district court is AFFIRMED.  Harrison's motion for appointment of counsel is DENIED.