United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50424
Summary Calendar

LEVI WOODERTS, JR.,

Plaintiff-Appellant,

versus

SHERI TALLEY, Doctor; JOSEPH CASAL; LANNETTE LINTHICUM,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:03-CV-48
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Levi Wooderts, Jr., formerly Texas prisoner # 549210 and now

federal prisoner # 29639-077, appeals the district court's order

granting summary judgment in his 42 U.S.C. § 1983 action in favor

of Dr. Sheri Talley and dismissing his claims against Joseph Casal

and Lannette Linthicum for failing to state a claim upon which

relief can be granted.  Wooderts has briefed no claim of error with

respect to the dismissal of his claims against Casal and Linthicum.

Any argument of error regarding the dismissal of his claims against

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

those defendants is abandoned.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Wooderts argues that the district court erred in granting summary judgment in favor of Talley with respect to his claim that she was deliberately indifferent to his serious medical needs. Wooderts has failed to show that Talley was deliberately indifferent however.  Absent exceptional circumstances, his disagreement with her specific courses of treatment is insufficient to raise a viable claim under § 1983.  Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Wooderts also argues that the district court erred by refusing to conduct a de novo review of the magistrate judge's report and recommendation, after he timely filed objections thereto.  Wooderts is correct that his objections were timely filed and that de novo review was thus triggered.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a).  However, Wooderts has not demonstrated reversible error, as he has failed to show that he was prejudiced by the lack of de novo review by the district court.  See Kreimerman v. Casa Veerkamp, S.A., de C.V., 22 F.3d 634, 646-47 (5th Cir. 1994).

Wooderts last argues that the district court erred in denying his motion to compel discovery.  "The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the

time of the alleged acts." <u>Schultea v. Wood</u>, 47 F.3d 1427, 1434 (5th Cir. 1995) (en banc). Wooderts did not meet that initial burden; therefore, the district court's discovery ruling was not an abuse of discretion. <u>See</u> <u>Gomez v. St. Jude Med. Daig Div. Inc.</u>, 442 F.3d 919, 927 (5th Cir. 2006).

AFFIRMED.