United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 1, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 06-50396
Summary Calendar

EDUARDO RODRIGUEZ-RODRIGUEZ,

Plaintiff-Appellant,

versus

DENNIS SMITH, Federal Correctional Institution La Tuna,
Warden; LAYUMAS, Medical Director,
Federal Correctional Institution La Tuna, Texas,

Defendants-
Appellees.

----------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:05-CV-387
----------------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Eduardo Rodriguez-Rodriguez, federal prisoner # 08442-029, moves for leave to proceed in

forma pauperis (IFP) on appeal. Rodriguez filed a *Bivens*[**] suit alleging that the defendants were

deliberately indifferent to his serious medical needs. The district court dismissed the suit for failure

------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

[**] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388
(1971).

to state a claim, denied Rodriguez's motion for IFP, and certified that the appeal was not taken in good faith. By moving for IFP here, Rodriguez is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a). This court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983)(citation omitted).

Rodriguez argues that the district court erroneously concluded that the defendants were not deliberately indifferent to his medical needs. Rodriguez fails to show that the defendants refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. *See Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Rodriguez's medical records show that he was examined repeatedly and received extensive treatment and objective tests for his back, shoulder, and flu-like symptoms. These records rebut his claims of deliberate indifference. *See Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). At most, Rodriguez has alleged a disagreement with the course of his medical treatment, which is insufficient to state a claim. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

With the benefit of liberal construction, Rodriguez also argues that the district court erred by not providing him with copies of the medical records submitted by the Bureau of Prisons (BOP). The district court properly ordered the BOP to submit copies of the records as part of its screening of this prisoner-rights case. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). Rodriguez's assertion that he also should have received copies of the records may be arguable on the merits. However, the magistrate judge accurately summarized, in some detail, the medical records, and

Rodriguez has not contested the factual accuracy of the magistrate judge's report.  Further, as noted above, the records establish that the defendants were not deliberately indifferent, and the error, if it existed, was harmless.  Therefore, Rodriguez's motion for IFP is granted, but the district court's dismissal of the complaint is affirmed.

MOTION FOR IFP GRANTED; AFFIRMED.