# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 16, 2011

No. 10-50345
Summary Calendar

Lyle W. Cayce
Clerk

RUBEN ALVINO CANO,

Plaintiff-Appellant

v.

ALTON D. CASKEY; KENNETH L. DEAN; EXIQUIO GARZA; JOSEPHINE
SESSION; VALENCIA POLLARD; WILLIAM NORTHROP; MELVIN WRIGHT;
JOSEPH SHOLLENBARGER; KENNETH LOMENZO; MARY E. RANDAL;
STACEY R. BEATY; KARLA D. CURRY,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:07-CV-13

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Ruben Alvino Cano, Texas prisoner # 1202626, moves this court to proceed
in forma pauperis (IFP) on appeal from the district court's dismissal of his 42
U.S.C. § 1983 complaint.  Cano's IFP motion challenges the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Cano argues that the proceedings in the district court violated principles of due process because he was denied appointed counsel and an opportunity to conduct discovery. He contends that the defendants' failure to cure his dermatitis establishes per se deliberate indifference to a serious medical need in violation of the Eighth Amendment. He does not challenge the district court's dismissal of other claims as time barred or because they sought recovery based on supervisory liability.

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an "unnecessary and wanton infliction of pain." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (internal quotation marks and citation omitted). "Deliberate indifference is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and citation omitted). "'Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference.'" *Id.* at 346 n.24 (quoting *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995)). Unsuccessful medical treatments, negligence, and medical malpractice are insufficient to give rise to a successful claim of deliberate indifference to serious medical needs. *Id.* at 346. A prisoner's disagreement with medical treatment does not raise a viable deliberate indifference claim, absent exceptional circumstances. *Id.*; *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). In order to prevail, a plaintiff must establish that the defendant "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Gobert*, 463 F.3d at 346 (citing *Domino*, 239 F.3d at 756).

No. 10-50345

Cano's disagreement with his medical treatment and the fact that the treatment did not result in a cure does not establish a constitutional violation. *See Gobert*, 463 F.3d at 346; *Domino*, 239 F.3d at 756.   The district court did not err in holding that Cano failed to state a claim for a constitutional violation in regard to his medical care.

Cano has not shown that he will present a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).   Accordingly, the motion for leave to proceed IFP is denied and the appeal is dismissed as frivolous.   *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.   The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g).   Cano is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.   *See* § 1915(g).

Cano's motion for appointment of counsel is denied.

MOTIONS DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.