# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 19, 2011

No. 11-40395
Summary Calendar

Lyle W. Cayce
Clerk

KENNETH WAYNE MENARD, SR.,

Plaintiff-Appellant

v.

CHARLES WAGNER, Brazoria County Sheriff; BENNETT, Nurse Ms. "B"; MS. TAYLOR, County Jail Doctor,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:09-CV-8

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Kenneth Wayne Menard, Sr., Texas prisoner # 724683, appeals the district court's grant of summary judgment in favor of the defendants, holding them protected by qualified immunity from his civil rights suit. Menard alleged that the defendants were deliberately indifferent to his serious medical needs in that they did not provide adequate treatment for his injured elbow. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the grant of a motion for summary judgment de novo, applying the same standards as the district court. *Hill v. Carroll Cnty., Miss.*, 587 F.3d 230, 233 (5th Cir. 2009). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

"Qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Lytle v. Bexar Cnty., Tex.*, 560 F.3d 404, 409 (5th Cir. 2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). We consider "whether, taking the facts in the light most favorable to the plaintiff, the officer's alleged conduct violated a constitutional right." *Id.* at 410 (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

The record shows that the defendants did not act with indifference to Menard's serious medical needs. *See Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Menard was seen by medical personnel and given pain medication and palliative treatment. X-rays were ordered. *See Banuelos v. McFarland,* 41 F.3d 232, 235 (5th Cir. 1995). Menard disagrees with his treatment, but that is insufficient to establish deliberate indifference. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Menard has not shown that the defendants violated a constitutional right. Therefore, he fails to show that the defendants were not entitled to qualified immunity. *See Lytle*, 560 F.3d at 410.

As Menard has not shown exceptional circumstances, we reject his request for appointment of counsel. *See Cooper v. Sheriff, Lubbock Cnty., Tex.,* 929 F.2d 1078, 1084 (5th Cir. 1991). His motion to supplement the record is also denied.

AFFIRMED; MOTIONS DENIED.