# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 23, 2012

No. 11-40895
Summary Calendar

Lyle W. Cayce
Clerk

CHESTER LOWE HUFF,

Plaintiff-Appellant

v.

RICHARD CRITES; KIMBERLY SAMUALS; CIRILDO PUENTE, JR.; MS. MCGINNIS; SUE ALEXANDER; CHERI LAUSON; KIMBERLY MALDONADO; CARLETTE MUHAMMAD; MS. SIENZ; ARTURO ORTIZ,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CV-225

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Chester Lowe Huff, Texas prisoner # 582855, filed a 42 U.S.C. § 1983 complaint arguing that the defendants were deliberately indifferent to his need for mental health treatment following the diagnosis and eventual death of his wife. He contends that he was denied medication, and "particular counseling" that a "Director/Doctor" had prescribed to treat his depression and suicidal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

thoughts. He also asserts that after being improperly placed in administrative segregation due to a disciplinary proceeding, all mental health treatment came to a halt. Huff consented to proceed before a magistrate judge who granted the defendants' motion for summary judgment based on the ground that the defendants were entitled to qualified immunity.

This court reviews the dismissal of a complaint on summary judgment de novo. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011). Under the doctrine of qualified immunity, government officials acting within their discretionary authority are immune from civil liability for damages if their conduct does not violate clearly established constitutional rights of which a reasonable person would have known. *See Flores v. City of Palacios*, 381 F.3d 391, 393-94 (5th Cir. 2004). The test for qualified immunity has two prongs: "(1) whether the plaintiff has alleged the violation of a clearly established constitutional right, and (2) if so, whether the defendant's conduct was objectively unreasonable in the light of the clearly established law at the time of the incident." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001) (internal quotation marks and citation omitted). "A court may rely on either prong of the defense in its analysis." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010), *cert denied*, 131 S. Ct. 2932 (2011).

Huff has made no showing of deliberate indifference. The medical records and Huff's recitation of the facts indicate that he was frequently provided mental health treatment for his depression. Notably, "[m]edical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference." *Banvelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). He has not shown that the defendants ignored his complaints, refused treatment, intentionally treated him incorrectly, "or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *See Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). As such, he has failed to show that the defendants' conduct violated his constitutional rights,

and he has failed to show that the magistrate judge erred in determining that the defendants were entitled to qualified immunity. *See Domino*, 239 F.3d at 755.

Huff does not challenge the magistrate judge's determination that his request for monetary damages is barred by 42 U.S.C. § 1997e(e). He also does not challenge the magistrate judge's July 29, 2010 order dismissing 11 defendants and his claims concerning harassment, retaliation, and prison disciplinary proceedings. Accordingly, he has abandoned the claims. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

The judgment is AFFIRMED. Huff's motion for appointment of counsel is DENIED.