# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 14, 2013

Lyle W. Cayce
Clerk

No. 12-60701
Summary Calendar

JAMES MATHEW HARRIS,

Plaintiff–Appellant,

versus

CHRISTOPHER B. EPPS,
Commissioner, Mississippi Department of Corrections;
GLORIA PERRY, Doctor; ROBERT MOORE, Doctor; DAISY THOMAS, Doctor;
RONALD WOODALL, Doctor; KEN KAISER, Doctor; JOHN DOE;
WEXFORD HEALTH SOURCES, INCORPORATED,
Also Known as Wexford Health Services,

Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
No. 3:11-CV-26

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60701

In this matter tried by consent to a magistrate judge ("MJ"), James Harris, Mississippi prisoner # 67709, appeals a summary judgment on, and dismissal of, his 42 U.S.C. § 1983 suit seeking redress for alleged deliberate indifference to his serious medical needs. A summary judgment, which we review *de novo*, *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir. 2009), "shall" be entered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Harris contends that the defendants acted with deliberate indifference to his serious medical needs by denying him treatment for his Hepatitis C infection and back problems. The record shows that Harris did receive treatment for those ailments and that his claim amounts to a disagreement with the treatment and a desire for more. That is not enough for a viable claim of deliberate indifference. *See Domino v. Tex. Dep't of Crim. Justice, Institutional Div.*, 239 F.3d 752, 756 (5th Cir. 2001); *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) (per curiam).

To the extent Harris argues that certain defendants were not entitled to qualified immunity, there is no error, because the MJ did not consider whether those defendants were entitled to that immunity. Similarly, Harris's conclusional assertions attacking the MJ's discovery and injunction rulings do not show that the MJ abused his discretion in denying the disputed motions. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817 (5th Cir. 2004); *Women's Med. Ctr. of Nw. Houston v. Bell*, 248 F.3d 411, 418-19 (5th Cir. 2001).

Because Harris has shown no error, the judgment is AFFIRMED.