# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20161
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2013

Lyle W. Cayce
Clerk

JESSIE L. JOHNSON,

Plaintiff-Appellant

v.

OWEN JOSEPH MURRAY, D.O.; S. JOHNSON, D.O. or Medical Doctor.; SINGLETON, D.O. or Medical Doctor., Medical Doctor BETTY WILLIAMS, Medical Doctor LANETTE LINTHICUM; RICK THALER, Director; JONI WHITE, Assistant Director for Classification; VANESSA JONES, Chairman, State Classification Committee, and the State Classification Committee; ROBERT BEHRNS, D.O. or Medical Doctor,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-3395

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

Jessie L. Johnson, Texas prisoner # 1293083, appeals the dismissal, on the summary judgment motion of Dr. Owen Murray and Dr. Lanette Linthicum, of his 42 U.S.C. § 1983 action alleging that his Eighth Amendment

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20161

rights were violated by the defendants' deliberate indifference to his serious medical needs. Johnson concedes that his demand for injunctive relief has been mooted. Murray and Linthicum pleaded qualified immunity.

We reject Johnson's claim that Murray and Linthicum are liable in their official and individual capacities because they were aware that he needed surgery rather than the antimicrobial treatment administered by prison healthcare providers and they failed to exercise their authority to cause surgery to be performed. The official capacity claim fails because the State invoked its sovereign immunity from a damages judgment. *See Frew v. Hawkins*, 540 U.S. 432, 437 (2004); *Goodman v. Harris County*, 571 F.3d 388, 394-95 (5th Cir. 2009). The individual capacity claim fails because the summary judgment evidence presented by Johnson establishes at best only malpractice by his attending physicians or Johnson's disagreement with them about proper treatment. *See* FED. R. CIV. P. 56(a); *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999); *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). Because there was no constitutional violation at all, Murray and Linthicum cannot be liable. *See Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *Rockwell v. Brown*, 664 F.3d 985, 990-91 (5th Cir. 2011); *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987).

Additionally, we discern no basis on which to conclude that the district court abused its discretion in declining to allow Johnson to amend his complaint a second time. *See Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005). We decline also to disturb the district court's decision not to appoint counsel for Johnson. *See Williams v. Ballard*, 466 F.3d 330, 335 (5th Cir. 2006); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

AFFIRMED.