# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10127

United States Court of Appeals
Fifth Circuit

**FILED**
August 7, 2014

Lyle W. Cayce
Clerk

WILLIAM BOYD PIERCE,

Plaintiff-Appellant

v.

RICK THALER; BRUCE ZELLER; JOHN ADAMS; J. BAKER; LARRY BERGER; BRIAN CLARK; MACK HUGHES; BENJAMIN LEEAH,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:11-CV-266

Before STEWART, Chief Judge, and WIENER and COSTA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant William Boyd Pierce, Texas prisoner # 1208957, appeals the summary judgment dismissal of his 42 U.S.C. § 1983 claim for injunctive relief against Dr. Mack Hughes, a prison dentist. Pierce contends that Dr. Hughes acted with deliberate indifference by refusing to provide him with dentures.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10127

In this court, Pierce has expressly waived his claim for compensatory relief against Dr. Hughes, so we have not considered that claim. Neither have we considered the dismissal of the remaining defendants and other claims that Pierce raised in the district court because he has abandoned any claims of error by failing to brief a challenge to these dismissals. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

We review the grant of a motion for summary judgment *de novo*, applying the same standard as the district court. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011). Summary judgment is appropriate if the record discloses "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Dr. Hughes's summary judgment evidence shows that he provided dental treatment to Pierce, but was precluded by prison policy from furnishing the dentures that Pierce wanted and believed he was entitled to receive. The evidence of treatment shows that Dr. Hughes was not deliberately indifferent to Pierce's serious medical needs, even though Pierce disagreed with the treatment and was not satisfied with Dr. Hughes's failure to provide dentures. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006); *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).

The judgment of the district court is AFFIRMED.