# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31135

United States Court of Appeals
Fifth Circuit

**FILED**

June 25, 2015

Lyle W. Cayce
Clerk

TROY DAVIS,

Plaintiff-Appellant

v.

JONATHAN A. ROUNDTREE; KENNETH NORRIS; COLLINS, Doctor,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:12-CV-41

Before KING, JOLLY and HAYNES, Circuit Judges.

PER CURIAM:*

Troy Davis, Louisiana prisoner # 356886, filed the instant 42 U.S.C. § 1983 suit to seek redress for alleged acts of retaliation and deliberate indifference to serious medical needs as well as the disposition of his grievances. The district court granted the defendants' motion for summary judgment and dismissed his suit.

Now, he moves this court for authorization to proceed in forma pauperis (IFP) on appeal and for appointed counsel.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-31135

By moving to proceed IFP, Davis is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We may dismiss the appeal if it is frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

We conduct a de novo review of a grant of summary judgment, using the same standard as the district court. *Nickell v. Beau View of Biloxi*, L.L.C., 636 F.3d 752, 754 (5th Cir. 2011). "The [district] court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV P. 56(a). The evidence is viewed in the light most favorable to the nonmoving party, but "conclusional allegations and unsubstantiated assertions may not be relied on as evidence by the nonmoving party." *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011).

Now, Davis contends that the district court erred by dismissing his claims that the defendants were deliberately indifferent to his serious medical needs and infringed his rights under the Americans with Disabilities Act. To prevail on a claim of deliberate indifference to serious medical needs, the prisoner must "submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and citation omitted).

Our review of the record and Davis's arguments shows that this standard has not been met. Rather, his contentions amount to a disagreement with the

No. 14-31135

treatment received or an allegation of malpractice, neither of which amounts to deliberate indifference. *See Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999); *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). Davis's arguments concerning the ADA do not suffice to show that he will raise a nonfrivolous appellate argument because he did not raise an ADA claim in the district court.

Davis has failed to show that his appeal involves any arguably meritorious issue. *See Howard*, 707 F.2d at 220. Accordingly, his motion for leave to proceed IFP on appeal is denied, and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. His motion for appointed counsel is likewise denied.

MOTIONS DENIED; APPEAL DISMISSED AS FRIVOLOUS.