# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 2, 2018

Lyle W. Cayce
Clerk

No. 18-40222
Summary Calendar

_____

ALEX ROY, also known as Alex Joseph Roy, Jr., also known as A. J. Roy, also known as Al Roy,

                                        Plaintiff–Appellant,

v.

TANYA LAWSON; ISAAC KWARTENG; SUSANNA CORBETT,

                                        Defendants–Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:17-CV-9

_____

Before OWEN, WILLETT, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Alex Roy appeals the summary judgment dismissal of his 42 U.S.C. § 1983 lawsuit, in which he (1) alleged that Defendants were deliberately indifferent to his serious medical needs by denying him treatment for Hepatitis C, and (2) requested prospective injunctive relief compelling medical treatment. We review the district court's grant of summary judgment de novo,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40222

viewing the facts in Roy's favor. *K.P. v. LeBlanc*, 729 F.3d 427, 435 (5th Cir. 2013).

Roy renews his claim that Defendants were deliberately indifferent to his serious medical needs when they failed to refer him for treatment and performed only blood work, labs, and monitoring of his Hepatitis C condition despite the high-risk nature of the disease. However, Roy abandons this claim by failing to brief any argument challenging the district court's determination that his deliberate indifference claim against Lawson failed for lack of personal involvement and lack of standing. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Regarding the dismissal of his claims against the remaining defendants, Roy contends that the district court ignored his competent summary judgment evidence and applied incorrect legal standards. He asserts that the undisputed summary judgment evidence shows that he has in fact never been treated for his Hepatitis C condition and that this fact alone should amount to deliberate indifference and establish an ongoing constitutional violation. Roy complains that drugs with a high cure rate are available but that he has been denied access to these drugs in a conscious disregard for the risks associated with his condition solely to save money at inmates' expense.

The competent summary judgment evidence, specifically Roy's medical records, defeat any claim that Defendants acted with a wanton disregard for his serious medical needs. To the contrary, the records demonstrate that, since his diagnosis in February 2015, Roy has been seen by medical personnel regularly to monitor his condition through lab work and blood testing. *See Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). Inasmuch as Roy complains about Defendants' failure to adhere to prison policy by referring him for treatment when the threshold for referral was an AST/Platelet Ration

No. 18-40222

Index (APRI) score of 0.42 and his APRI score was 0.5, his complaint is, at best, one of mistake, negligence, or malpractice, not deliberate indifference, particularly in the absence of any medical evidence showing that his condition required immediate care or subjected him to any wanton infliction of pain. *See Farmer v. Brennan*, 511 U.S. 825, 839 (1994); *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006); *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

The true nature of Roy's complaint is a challenge to the medical judgment exercised by prison medical staff in determining the appropriate course of his Hepatitis C treatment, which does not give rise to a constitutional violation. *See Gobert*, 463 F.3d at 346. To the extent Roy specifically complains that he has been denied access to the optimum drug therapies for Hepatitis C because they are too expensive, he similarly fails to show any resulting constitutional violation. *See id.* at 349.

Finally, Roy vaguely asserts that his request for injunctive relief is not barred by the Eleventh Amendment. He abandons this claim, though, by failing to brief any argument challenging the district court's determination that he failed to demonstrate any ongoing constitutional violation because (1) the uncontested evidence showed that prison policy required an APRI score of 0.7, and his APRI score fell below that threshold, and (2) there was no evidence showing that such a threshold requirement violated the Eighth Amendment. *See Brinkmann*, 813 F.2d at 748. Roy's request for prospective injunctive relief was thus properly denied. *See K.P.*, 729 F.3d at 439. Similarly, because Roy does not argue, and the record fails to demonstrate, that his case was factually complex or that he was incapable of adequately presenting it, he fails to demonstrate that the denial of his motion for counsel was an abuse of discretion. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

No. 18-40222

Accordingly, the district court's judgment is AFFIRMED. *See* FED. R. CIV. P. 56(a). Roy's motion for a transcript at Government expense is DENIED as unnecessary.