# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-31066
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 2, 2020

Lyle W. Cayce
Clerk

WILBERT WILLIAMS, also known as Serenity Izabel Williams,

Plaintiff-Appellant

v.

BEVERLY KELLY, Assistant Warden over treatment; In her individual and official capacity; CHRIS POLK, Assistant Director of Nurses; In his individual and official capacity; ROBERT C. TANNER, WARDEN, B. B. RAYBURN CORRECTIONAL CENTER, In his individual and official capacity; JAMES M. LEBLANC, SECRETARY, DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, In his individual and official capacity; TERESA KNIGHT, Director of Nursing,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:17-CV-12993

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

Wilbert Williams appeals the district court's dismissal with prejudice of his claims under the Eighth Amendment and the Equal Protection Clause for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

injunctive relief against the defendant Louisiana prison officials requiring them to provide him with sex reassignment surgery to treat his gender dysphoria.  We affirm.

We do not address Williams's equal protection claim because it was not raised on appeal until Williams filed a reply brief.  *See Yohey v. Collins,* 985 F.2d 222, 225 (5th Cir. 1993).  Moreover, even if the issue were cognizable, it would be deemed abandoned because Williams did not brief it meaningfully.  *See id.* at 224-25.

On de novo review, we conclude that Williams's Eighth Amendment claim of deliberate indifference to serious medical needs fails as a matter of law.  *See McLin v. Ard,* 866 F.3d 682, 688 (5th Cir. 2017); *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999).  Williams asks us to hold that gender dysphoria is a serious medical condition whose proper treatment consists of both hormonal therapy and sex reassignment surgery.  But that plea is foreclosed by our recent holding in *Gibson v. Collier,* 920 F.3d 212, 215 (5th Cir.), *cert. denied,* 140 S. Ct. 653 (2019), that "[a] state does not inflict cruel and unusual punishment by declining to provide sex reassignment surgery to a transgender inmate."  Moreover, Williams's deliberate indifference claim rings hollow because the defendants once attempted and later offered to correct his gender dysphoria through hormonal therapy, which he admits is a known course of treatment.  *See Banuelos v. McFarland,* 41 F.3d 232, 235 (5th Cir. 1995); *see also Gobert v. Caldwell,* 463 F.3d 339, 346 (5th Cir. 2006).

For these reasons, we affirm the district court's ruling that Federal Rule of Civil Procedure 12(b)(6) dictates dismissal as a matter of law.  *See Harris,* 198 F.3d at 156.[1]

---

[1] The district court's reasoning turned on Williams's failure to claim that he had been medically counseled to have sex reassignment surgery. But the district court did not have the benefit of our holding in *Gibson* that declining to provide sex reassignment surgery to an

No. 18-31066

AFFIRMED; MOTION FOR STAY DENIED.

---

inmate does not violate the Eighth Amendment. 920 F.3d at 215.  We therefore affirm based on *Gibson*.  *See United States v. Ho*, 311 F.3d 589, 602 n.12 (5th Cir. 2002) (stating that we may affirm on any basis supported by the record).