# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 27, 2008

Charles R. Fulbruge III
Clerk

No. 07-10156
Summary Calendar

PERRY H BROWN

Plaintiff-Appellant

v.

WARDEN JOHN H ADAMS; R THOMAS, Assistant Warden; GARY L GRIGGS,
Major; G W SCHMOKER, Chief of Classification; SUNDAY WILSON, Physician
Assistant; Texas Tech University Health Science Center

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:06-CV-195

Before JONES, Chief Judge, and HIGGINBOTHAM and CLEMENT, Circuit
Judges.

PER CURIAM:[*]

Perry H. Brown, Texas prisoner # 1169678, appeals from the district
court's dismissal with prejudice as frivolous of his pro se, in forma pauperis (IFP)
civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2). We review the
dismissal of a prisoner complaint as frivolous for abuse of discretion. See Berry

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

v. Brady, 192 F.3d 504, 507 (5th Cir. 1999). Brown has abandoned on appeal his claim against Texas Tech University Health Sciences Center. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Brown argues that the defendants were deliberately indifferent to his knee pain by assigning him to work as a floor waxer, which he contends was against his work restrictions. Brown asserts that he twisted his knee while he was working as a floor waxer on April 22, 2006. The medical records in Brown's case were authenticated. The magistrate judge thus could rely on those records to make findings as to whether the defendants were deliberately indifferent to Brown's knee condition. See Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995).

The authenticated medical records do not support Brown's argument that he had a significant pre-existing injury. The record indicates that Brown's work restriction included "limited standing, no climbing, no walking on wet or uneven surfaces, no loud noises, and no food service." Thus, he was not restricted from activities that involved bending, such as waxing the floor. Brown conceded at his Spears hearing that chairs were made available to inmates working this assignment. The fact that enough chairs were not available at the time when Brown was on duty does not establish that the defendants exposed Brown to a substantial risk of serious harm. See Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Brown also argues that the defendants exercised deliberate indifference to his April 2006 knee injury by continuing to assign him to the duty of floor waxing. Authenticated medical records establish that Brown's knee was improving and the work-related restrictions he requested was not necessary. Brown's complaint that an MRI should have been taken of his knee constitutes a disagreement with medical treatment and is insufficient to establish a cognizable claim of deliberate indifference. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Brown asserts that Sunday Wilson, a physician's assistant, deliberately withheld his crutches and changed his work-related restrictions issued by his doctors from May through September of 2006. The record contains numerous medical notes indicating that Brown's work restrictions were carefully monitored by medical staff other than Wilson and that Wilson's restrictions were in accordance with other medical recommendations. Brown cannot establish a claim of deliberate indifference as to Wilson. See Farmer, 511 U.S. at 837.

The dismissal of the instant appeal counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Brown is cautioned that if he accumulates three strikes, he will not be permitted to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.