# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 3, 2012

No. 11-40153
Summary Calendar

Lyle W. Cayce
Clerk

EVERILDO GARCIA,

Plaintiff-Appellant

v.

FEDERAL BUREAU OF PRISONS; UNIVERSITY OF TEXAS MEDICAL
BRANCH; JOHN B. FOX, Warden; JOHN DOE, #1 - #50,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:08-CV-607

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Proceeding pro se and in forma pauperis, Everildo Garcia, federal prisoner
# 40677-018, appeals the dismissal of his *Bivens*[1] action and 42 U.S.C. § 1983

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388
(1971).

complaint as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). We review the dismissal de novo.[2]

Garcia argues that his allegations establish official conduct that meets the standard of deliberate indifference.[3] Garcia contends that he filed sick call requests and administrative remedy requests and that all of the defendants were well aware of his eye condition. He states that his condition was also evidenced by his many trips to the hospital and medical procedures performed. He asserts that the prison medical staff was aware of his need for medications, which were prescribed but not provided promptly. He argues that these delays were the fault of prison staff, hindered his recovery, and caused him permanent damage. He complains of the lack of timely treatment, timely dispensing of prescribed medications, and proper diagnosis of his ailment. Garcia also contends that Warden Fox, in his individual capacity, was "made personally aware of the medical negligence." But Garcia's use of the term "negligence" belies his contention that his allegations meet the deliberate indifference standard,[4] which this Circuit has described as an "extremely high standard to meet."[5]

The fact of delay in itself is not sufficient to establish deliberate indifference.[6] Garcia has not alleged that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious

---

[2] *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005); *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998).

[3] *See Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976).

[4] *See Mendoza v. Lynaugh*, 989 F.2d 191, 193-94 (5th Cir. 1993).

[5] *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

[6] *Mendoza*, 989 F.2d at 195.

medical needs.'"[7] The unexplained delays in dispensing medications constitute negligence at most.[8]

The defendants did not ignore or refuse to treat Garcia's eye condition. According to Garcia's allegations, he was examined numerous times by several doctors, made multiple trips to the hospital, was prescribed and provided medication, and had two surgeries over the course of seven months. These facts negate a conclusion of deliberate indifference.[9] Also, regarding Warden Fox in his individual capacity, Garcia's argument does not refute the district court's determination that Warden Fox had no personal involvement in his medical care.

The district court did not err in dismissing Garcia's complaint as frivolous and for failure to state a claim.[10] Likewise, Garcia's appeal is without arguable merit and is frivolous.[11] Because the appeal is frivolous, it is dismissed.[12]

The dismissal of this appeal as frivolous and the district court's dismissal as frivolous and for failure to state a claim each count as a strike for purposes of 28 U.S.C. § 1915(g).[13] We caution Garcia that once he accumulates three

---

[7] *Domino*, 239 F.3d at 756 (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

[8] *See Gobert v. Caldwell*, 463 F.3d 339, 351-52 (5th Cir. 2006) (stating that "a trier of fact might find negligence in the one week lapse in antibiotic treatment" but concluding that mere negligence could not support a finding of deliberate indifference); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (per curiam).

[9] *See Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995); *cf. Easter v. Powell*, 467 F.3d 459, 463-64 (5th Cir. 2006) (holding that an allegation that a nurse "refused to provide any treatment to, and ignored the complaints of, a patient suffering from severe chest pain that she knew had a history of cardiac problems" met the deliberate indifference threshold).

[10] *See Black*, 134 F.3d at 733-34; *Geiger*, 404 F.3d at 373.

[11] *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).

[12] *See* 5TH CIR. R. 42.2.

[13] *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).

strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.[14]

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.

---

[14] *See* § 1915(g).