# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30669
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 28, 2016

Lyle W. Cayce
Clerk

DONALD LEE THIEKE,

Plaintiff - Appellant

v.

FRANKLIN PARISH DETENTION CENTER; JAMES TARVER; MALCOLM
WELSH; CHAD LEE; KEVIN COBBS, also known as Kevin Cobb,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:14-CV-2947

Before BARKSDALE, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Donald Lee Thieke, Louisiana prisoner #572306, proceeding *pro se* and
*in forma pauperis*, contests the dismissal, for failure to state a claim, of his 42
U.S.C. § 1983 action for injuries allegedly suffered when another inmate at the
Franklin Parish Detention Center (FPDC) attacked him.  Thieke asserts in his
amended complaint the defendants (three FPDC employees and the Franklin

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5th Cir.
R. 47.5.4.

No. 15-30669

Parish sheriff) failed to protect him, and, accordingly, their indifference to Thieke's safety and serious medical needs violated his Eighth Amendment rights.

The magistrate judge screened the amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(ii) and 1915A(b)(1), and concluded it failed to state a claim upon which Thieke could obtain relief.  In Thieke's hand-written objections to the magistrate's recommendation, he alleged for the first time that, two months before the alleged attack, he and another inmate "informed" a prison guard (but not one of the defendants) "of the potential threat of the assailant", and still "nothing was done to alleviate the possible problem".  Thieke "felt [this failure] was negligence".    Nonetheless, the district court adopted the magistrate's recommendation and dismissed the amended complaint.

Thieke's contention that the defendants deliberately refused to act is raised for the first time on appeal.  His amended complaint contained no such claim, and he represented to the district court the defendants' failure was due to negligence.  Because Thieke did not raise this issue in district court, review is only for plain error.  *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).  Under that standard, Thieke must show a forfeited plain (clear or obvious) error that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings".  *Id.*

Negligence furnishes no basis for § 1983 liability, but deliberate indifference does.  *Farmer v. Brennan*, 511 U.S. 825, 828, 835 (1994).  Thieke did not plead the requisite culpability level, and accordingly there can be no clear or obvious error.  *Id.* at 839; *see also Puckett*, 556 U.S. at 135; *United States v. Ellis*, 564 F.3d 370, 377–78 (5th Cir. 2009).

2

No. 15-30669

On the other hand, Thieke's medical-needs claim is reviewed *de novo*. *See Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010). The claim on appeal involves screws in his jaw which, we infer, Thieke believes should be removed. In any event, this claim does not support a conclusion that § 1983 liability attaches to defendants. *See Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). Additionally, to the extent the claim pertains to a delay in treatment, the amended complaint fails to make the requisite contention of substantial harm. *See Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2000).

AFFIRMED.