**Derick DUNCAN, Plaintiff-Appellant**

v.

**William L. STEVENS; Bryan Collier; Don W. Stevens; Dennis Markgraf; Warner B. Massey, M.D.; Norvel L. Arnold, Defendants-Appellees**

No. 15-10899
Summary Calendar

United States Court of Appeals,
Fifth Circuit.

Filed May 18, 2017

Derick Duncan, Pro Se

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM: *

Derick Duncan, Texas prisoner # 888241, filed a civil rights complaint against the defendants, alleging that they violated his constitutional rights after he suffered injuries from carrying his possessions during prison shakedowns. *See* 42 U.S.C. § 1983. Duncan now appeals the district court's denial of that complaint as frivolous and for failure to state a claim.

Duncan incorrectly asserts that the district court erred by dismissing his complaint without considering it under the standards in Federal Rule of Civil Procedure 12(b)(6). He also argues that the district court erred by dismissing his claims based on qualified immunity and under 42 U.S.C. § 1997e(e). Duncan contends that his case should be remanded to the district court because he has met the physical

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

injury requirement of § 1997e(e). Duncan's arguments lack merit. The district court did not dismiss Duncan's claims on either of those grounds, and § 1997e(e) provides no basis for a remand.

 Duncan has not shown that the district court erred in dismissing his claims that (1) Dr. Warner B. Massey's refusal to issue a weight restriction pass and provide adequate treatment for his injuries constituted deliberate indifference to his serious medical needs; (2) Dr. Massey's decision to charge him a $100 co-payment for his medical examination violated his right to due process; (3) William Stevens, Don W. Stevens, Warden Norvel L. Arnold, Brad Livingston, and Dennis Markgraf, violated his due process rights by failing to grant his grievances; (4) Warden Arnold retaliated against him for complaining about Dr. Massey's assessment of a $100 co-pay; and (5) Warden Arnold and Brad Livingston were liable as supervisors for the constitutional violations of their employees. Duncan's deliberate indifference claim amounted to a disagreement with his medical treatment and diagnosis and did not allege a constitutional violation. *See Banuelos v. McFarland,* 41 F.3d 232, 235 (5th Cir. 1995). Duncan was reimbursed for the contested $100 co-pay and was not deprived of due process with regard to that charge. *See Myers v. Klevenhagen,* 97 F.3d 91, 94 (5th Cir. 1996). He had no federal constitutional right to a resolution of his grievances satisfactory to him. *See Geiger v. Jowers,* 404 F.3d 371, 374-75 (5th Cir. 2005). Duncan's allegation that Arnold retaliated against him was conclusory and did not indicate that Arnold acted in response to his exercise of a constitutionally protected right. *See Hart v. Hairston,* 343 F.3d 762, 764 (5th Cir. 2003). Duncan's allegation that he informed Arnold about the alleged civil rights violations was insufficient to subject him to supervisory liability. *See Roberts v. City of Shreveport,* 397 F.3d 287, 292 (5th Cir. 2005). Finally, we will not consider Duncan's claim that he was denied equal protection because he has raised it for the first time on appeal. *See Leverette v. Louisville Ladder Co.,* 183 F.3d 339, 342 (5th Cir. 1999).

For the foregoing reasons, we affirm the district court's judgment. Duncan has filed a motion for summary judgment under Federal Rule of Civil Procedure 56, which we deny.

The district court's dismissal of Duncan's complaint counts as a strike under 28 U.S.C. § 1915(g). *See Coleman v. Tollefson,* —— U.S. ——, 135 S.Ct. 1759, 1763, 191 L.Ed.2d 803 (2015). Duncan has at least one other strike from the dismissal of a prior § 1983 complaint. *See Duncan v. Quarterman,* No. 2:09-cv-00187, 2009 WL 2614395 (N.D. Tex. Aug. 26, 2009). We caution Duncan that if he accumulates three strikes under § 1915(g), he will be barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; MOTION DENIED; SANCTION WARNING ISSUED;