# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41599
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 27, 2017

Lyle W. Cayce
Clerk

JAMES GORDON LEONARD,

Plaintiff - Appellant

v.

GIDEON A. DANIEL; LAURA MIDKIFF; REGINALD A. WALLACE;
UNIVERSITY OF TEXAS MEDICAL BRANCH,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:13-CV-600

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, James Gordon Leonard, Texas prisoner # 01790186, challenges an adverse summary judgment, resulting in the dismissal of his 42 U.S.C. § 1983 action, which alleges two employees of the Texas Department of Criminal Justice—Gideon A. Daniel, a physician's assistant, and Laura Midkiff, a registered nurse—were deliberately indifferent to his serious medical needs. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). The court ruled defendants were protected by qualified immunity. Reviewing the summary

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-41599

judgment *de novo*, we affirm. *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003).

In January 2013, a physician's assistant diagnosed Leonard with a fungal infection and prescribing him medication for 30 days. Leonard received it in late January. On 4 February, however, he requested refills from Daniel, and he advised the medication would be available in seven to ten days. Leonard complained about pain from his infection and lack of medication to Midkiff, and she responded the prescribed medication was intended to last 30 days. Leonard claims these one-time interactions with Daniel and Midkiff violated his Eighth Amendment rights, because they were deliberately indifferent to his medical needs, causing him substantial harm.

In the two-prong test for assessing qualified immunity, the first prong is whether the actor's conduct violated a constitutional or statutory right. *Rockwell v. Brown*, 664 F.3d 985, 990–91 (5th Cir. 2001) (courts permitted to address either prong of qualified immunity analysis first). Prison officials violate the Eighth Amendment by acting with deliberate indifference to a prisoner's serious medical needs. *Wilson*, 501 U.S. at 297. In that regard, "[d]eliberate indifference is an extremely high standard to meet". *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). "It is *only* such indifference that can violate the Eight Amendment; allegations of inadvertent failure to provide adequate medical care, or of a negligent diagnosis, simply fail to establish the requisite culpable state of mind." *Wilson*, 501 U.S. at 297 (internal quotation marks, brackets, ellipses, and citations omitted).

There is no support in the record for Leonard's conclusory allegations that defendants were deliberately indifferent and, therefore, violated the Eighth Amendment. *Id*.; *Hathaway v Bazany*, 507 F.3d 312, 319 (5th Cir. 2007). In short, Leonard fails to establish the requisite genuine dispute of material fact regarding the occurrence of a constitutional violation. *Brown v.*

2

No. 16-41599

*Callahan*, 623 F.3d 249, 253 (5th Cir. 2010) ("The plaintiff bears the burden of negating qualified immunity, but all inferences are drawn in his favor.").  He only establishes his dissatisfaction with the decisions made by Daniel and Midkiff in treating his fungal infection, but such dissatisfaction does not give rise to 42 U.S.C. § 1983 liability.  *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) (citing *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1991)).

Leonard points to no facts showing that either Daniel or Midkiff knew of, and disregarded, "an excessive risk to [his] health or safety" or was otherwise subjectively reckless in treating him.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Construed in a light most favorable to Leonard, the record shows, *inter alia*:  Daniel was not deliberately indifferent to Leonard, but responded by ordering medication; and Leonard acknowledges Midkiff did not ignore him, but responded to his requests for medical attention.

In addition, as discussed above, even if Daniel and Midkiff were negligent in their dealings with Leonard, that would be insufficient for 42 U.S.C. § 1983 liability.  *Wilson*, 501 U.S. at 297; *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999).  Moreover, to the extent that Leonard asserts Daniel or Midkiff caused a delay in his medical treatment, he fails to point to any evidence that he suffered substantial harm as a result.  *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006).

Leonard, therefore, fails to establish his claimed constitutional violation. *Stewart*, 174 F.3d at 534 (malpractice does not give rise to a constitutional violation); *Banuelos***,** 41 F.3d at 235 (inmate's disagreement with physicians over appropriate medical care not sufficient for constitutional violation).  And, because there was no constitutional violation, there is no need to address the second prong for our qualified-immunity analysis.  *E.g.*, *Rockwell*, 664 F.3d at 990–91.

AFFIRMED.