# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 21, 2020

Lyle W. Cayce
Clerk

No. 19-20316
Summary Calendar

THERON OWENS,

Plaintiff-Appellant

v.

LORIE DAVIS; WARDEN BREWER; DOCTOR BETTY WILLIAMS; ONUIGB, Physician's Assistant; UTMB AT GALVESTON,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-3068

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Theron Owens, Texas prisoner # 1734133, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  We review the district court's decision for abuse of discretion.  *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).  For the reasons below, we affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20316

As to Owens's claim that the defendants unconstitutionally denied him access to the courts, Owens fails to show how he was prejudiced by any alleged acts. *See Lewis v. Casey*, 518 U.S. 343, 351-53 (1996). Notably, Owens does not identify any particular nonfrivolous legal claim that he was pursuing and how the alleged actions of the defendants hindered his pursuit of any such claim. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Accordingly, Owens has not shown that the district court abused its discretion in dismissing his access-to-the-courts claim as frivolous.

Regarding his claim that the defendants were deliberately indifferent to his serious medical needs, Owens contends that the defendants failed to treat properly his back pain when they, among other things, denied his request for an MRI. Owens's own admissions regarding the treatment that he received with respect to his back pain and the grievances contained in the record defeat any claim that the defendants acted with a wanton disregard for Owens's serious medical needs. To the contrary, the record demonstrates that Owens has been seen regularly by medical personnel; was prescribed pain medication and physical therapy; and was provided with a special disability chow pass, walking cane, and back brace. *See Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). Inasmuch as Owens complains about a misdiagnosis of his back condition, his complaint is, at best, one of mistake, negligence or malpractice, not deliberate indifference, particularly in the absence of any allegation that his condition required immediate care or subjected him to any wanton infliction of pain. *See Farmer v. Brennan*, 511 U.S. 825, 839 (1994); *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006); *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

The true nature of Owens's complaint is a challenge to the medical judgment exercised by prison medical staff in determining the appropriate

No. 19-20316

course of treatment for his back pain, which complaint does not give rise to a constitutional violation. *See Gobert*, 463 F.3d at 346. To the extent that he specifically complains that he has been denied an MRI or the optimum pain reliever for his back condition, his complaint falls short of establishing any constitutional violation. *See id.* at 351-52. Accordingly, Owens has not shown that the district court abused its discretion in dismissing his deliberate-indifference claim as frivolous.

Because Owens's case does not present extraordinary circumstances, we deny his motion for the appointment of counsel. *See Cooper v. Sheriff, Lubbock Cty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991).

AFFIRMED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; MOTION FOR STAY OF APPEAL DENIED.