# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 11, 2020

No. 19-40364

Lyle W. Cayce

Clerk

DAVID TIJERINA,

Plaintiff-Appellant

v.

REGINALDO F. STANLEY, Medical Provider at Telford Unit; JAMMIE L. BARKER, Medical Provider at Telford Unit; JOHN DOE, Pharmacist at Telford Unit; STEVEN L. ROBERTS, Medical Provider at Telford Unit; PAMELA PACE, Practice Manager at Coffield Unit; PAUL W. SCHRODE, Medical Provider at Coffield Unit,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:16-CV-102

Before DENNIS, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

David Tijerina, Texas prisoner # 1672548, moves for leave to proceed in forma pauperis (IFP) following the dismissal of his 42 U.S.C. § 1983 complaint in which he alleged deliberate indifference to serious medical needs. The district court dismissed his complaint as frivolous pursuant to 28 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1915(e)(2)(B)(i).  We construe Tijerina's motion as a challenge to the district court's certification that the appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

"A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when his conduct demonstrates deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain." *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (internal quotation marks and citation omitted); *see Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).  "Deliberate indifference is an extremely high standard to meet." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

Tijerina's argument that he provided evidence to support his claims, without more, fails to show a nonfrivolous issue challenging the district court's decision that his voluminous medical records established that he received treatment and that he simply disagreed with that treatment.  *See Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).  Although Tijerina contends that the district court ignored his objections and that he should be entitled to discovery, the district court extensively addressed Tijerina's objections, including his requests for discovery.  Tijerina does not state which objection the district court ignored or what evidence he would seek in discovery.  His vague assertions do not suffice to show nonfrivolous issues for appeal.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Tijerina also contends that the district court erred for the reasons stated in his objections to the magistrate judge's recommendation.  To the extent that Tijerina attempts to incorporate by reference arguments and issues raised in the district, he may not do so.  *See United States v. Abdo*, 733 F.3d 562, 568 (5th Cir. 2013).

No. 19-40364

This appeal lacks arguable legal merit and is, therefore, frivolous. *See Howard*, 707 F.2d at 220. Tijerina's motion to proceed IFP is DENIED, and we DISMISS his appeal as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The district court's dismissal of the complaint and this court's dismissal of his appeal as frivolous count as two strikes under § 1915(g). *See Coleman* v. *Tollefson*, 135 S. Ct. 1759, 1763-64 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). A prior § 1983 action filed by Tijerina was dismissed as frivolous pursuant to § 1915(e). *See Tijerina v. Catoe*, No. 6:17-CV-265 (E.D. Tex. Jan. 24, 2018). That dismissal also counts as a strike under § 1915(g). *See Adepegba*, 103 F.3d at 387-88. Because he now has three strikes, Tijerina is BARRED from proceeding IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g); *Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009).