# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-30162
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
June 12, 2023

Lyle W. Cayce
Clerk

Eugene Darryl McKnight,

*Plaintiff—Appellant,*

*versus*

Janssen Biotech; Johnson & Johnson; Randy Smith, *Sheriff*; Jose Ham; Jessica Adams, *FNP*; Daniel Feischman, *Warden*,

*Defendants—Appellees.*

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CV-1399

_____

Before Wiener, Elrod, and Engelhardt, *Circuit Judges.*

Per Curiam:[*]

Eugene Darryl McKnight, a Louisiana pretrial detainee housed in the St. Tammany Parish Jail, appeals the disposition of his action under 42 U.S.C. § 1983. The district court denied his motion for injunctive relief, ordered that his § 1983 claims be dismissed with prejudice as frivolous and

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30162

for failure to state a claim under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A, and directed that his state law claims be dismissed without prejudice. On appeal, he contests only the dismissal of his § 1983 claims. Our review is de novo. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

McKnight contends that the district court improperly resolved factual issues in disposing of his claims and did not appropriately credit his factual assertions. His claim is unavailing. There is no indication that the district court did not accept as true the facts pleaded by McKnight or resolved any disputed factual issues. Instead, the record establishes that the district court held that the facts pleaded did not establish a constitutional violation. The district court, which did not order the defendants to file responsive pleadings and obtained further details from McKnight concerning his claims, properly evaluated McKnight's claims and did so without making credibility findings.

Further, McKnight argues that the district court erred in finding that he did not allege a plausible claim of deliberate difference. He asserts that he was denied prompt and proper medical care for the ongoing symptoms that he believes were caused by receiving the Johnson and Johnson (J&J) COVID-19 vaccine, a Janssen Biotech product.

However, the medical records do not reflect that the defendants knew that McKnight faced a substantial risk of serious harm because of his medical issues, disregarded that risk, and meant for him to be harmed. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). Their alleged failures to offer accurate diagnoses, prescribe effective treatments, and make perfect decisions do not demonstrate their deliberate indifference. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006); *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). While McKnight apparently disapproved of his care, and the medical staff, at worst, was negligent, he cannot establish a claim of deliberate

2

indifference on those bases. *See Gobert*, 463 F.3d at 346; *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). He did not present any facts to support that any delay in treating him resulted from unnecessary or wanton acts or had serious medical consequences. *See Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006). His claims against Warden Fleischman and Sheriff Smith, whom he did not allege were involved in the denial of medical care or engaged in wrongful conduct that was casually connected to a constitutional violation, are unavailing. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). He did not allege facts to support that J&J and Janssen Biotech are liable as state actors. *See Priester v. Lowndes County*, 354 F.3d 414, 423 (5th Cir. 2004).

McKnight also contends that Warden Fleischman and Sheriff Smith did not ensure that the staff complied with the relevant policies and protocols for protecting inmates from COVID-19. He asserts that the defendants did not guarantee that the jail, including the quarantine areas, was sanitized and that prisoners were protected from contracting COVID-19.

To the extent that McKnight seeks to raise a claim attacking episodic acts or omissions based on his placement in quarantine on two instances, he has not alleged a viable claim. *See Hare v. City of Corinth, Miss.*, 74 F.3d 633, 644-45 (5th Cir. 1996) (en banc). McKnight—who does not contend that he was harmed or infected with COVID-19 due to the purported deficiencies— failed to assert facts supporting that any defendant consciously ignored a risk or did not implement measures to address the risk presented by COVID-19. *See id.* at 647-48. While he challenges the sufficiency of the jail's attempts to combat COVID-19, he has not alleged facts that show deliberate indifference. *See Valentine v. Collier*, 978 F.3d 154, 163-64 (5th Cir. 2020).

Likewise, to the extent that McKnight seeks to present an attack on a condition of confinement, his claim is unavailing. He has alleged no facts to support that the purported conditions caused him suffering, resulted in him

getting COVID-19, or otherwise brought about an adverse medical outcome serious enough to establish a constitutional violation. *See Cadena v. El Paso Cty.*, 946 F.3d 717, 728 (5th Cir. 2020). Also, he has not alleged sufficient facts to support the denial of basic human needs, to suggest that there was a pervasive pattern of serious errors or deficiencies in the conditions of the jail, or to indicate that jail officials adopted or failed to adopt COVID-19 protocol policies in an effort to punish the inmates or to cause them to become ill. *See Shepherd v. Dallas Cnty.*, 591 F.3d 445, 452 (5th Cir. 2009).

Because this case does not present extraordinary circumstances, we deny McKnight's motion to appoint appellate counsel. *See Cooper v. Sheriff, Lubbock Cty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991).

AFFIRMED; MOTION TO APPOINT COUNSEL DENIED.